

David Abrams, Attorney at Law (NY 3051604)
PO Box 3353 Church Street Station
New York, NY 10008
212-897-5821 dnabrams@gmail.com

United States District Court
Western District of New York

| | |
|---|---|
| United States of America ex rel. GNGH2 Inc., <br><br> Plaintiff-Relator, <br><br> - against - <br><br> IMMCO DIAGNOSTICS INC. a/k/a IMMCO DIAGNOSTICS DELAWARE & PRIMUS CORPORATION, <br><br> Defendants. | **TO BE FILED UNDER SEAL** <br><br><br> Case No. 24-CV-6358-FPG <br><br> **Complaint Under the False Claims Act** |

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

## I.    Nature of the Case

1.    This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendants fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility.  As set forth in more detail below, second-round PPP funding is barred to entities which exceed size standards.

## II.  Parties

2.  Defendant IMMCO DIAGNOSTICS INC. a/k/a IMMCO DIAGNOSTICS DELAWARE ("Immco") is a Delaware business corporation with a principal place of business in **Erie County, New York.**

2a.  Defendant PRIMUS CORPORATION ("Primus") is a Missouri business corporation with a principal place of business in **Chautauqua County, New York.**

3.  The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in **Bergen County, New Jersey.**

## III  Compliance with Requirements of Suit

4.  This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5.  Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV.  Jurisdiction and Venue

6.  This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any

Defendant resides or transacts business. In this case, the Defendants are located in **Buffalo, New York** and **Jamestown, New York.**

## V.     Background

7.      Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

8.      In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9.      All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10.     The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11.     The CARES Act was subsequently amended to provide for a second round of disaster funding. Significantly, an applicant is ineligible for such funding it its total size exceeds applicable standards.

[continued on next page]

12. The Defendants in this matter are part of a concern which manufactures and sells diagnostic test kits. They received second draw PPP disaster relief as follows:

| Defendant | Date | Amount | Loan # | Forgiven |
|---|---|---|---|---|
| Immco | 2/27/21 | $1,042,255 | 5070858508 | 9/17/21 |
| Primus | 1/30/21 | $721,530 | 9201068310 | 10/19/21 |

13. Thus, on or about on or about February 27, 2021 and January 30, 2021, the Defendants respectfully certified that they met the applicable size standards.

14. These certifications were false when made as set forth below.

15. At all times relevant to this matter, the Defendants were subsidiaries of an international firm called Trinity Biotech. The total size of the combined firm exceeded applicable standards.

16. Moreover, the foregoing information is available on the websites of the Defendants and/or their corporate parent.

17. Thus, Defendants' authorized representatives must have been either aware of this information or reckless in regards to same.

18. Thus, Defendant made a fraudulent representation when they completed form 2483-SD and certified eligibility in respect of the above matters.

19. As a result of these statements, the Defendant received (and the United States paid) substantial funds to which it would not otherwise have been entitled.

4

## VI. (Count I) Violation of the False Claims Act

20. The False Claims Act imposes liability on a person or entity who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

21. The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

22. Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VII. Relief Sought

23. On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

24. With respect to Defendant Immco, the United States paid some $1,047,937.43 in principal and interest in respect of the loan at issue plus processing fees in the amount of $31,267.65 for a total of $1,079,205.08

25. With respect to Defendant Primus, the United States paid some $725,681.27 in principal and interest in respect of the loan at issue plus processing fees in the amount of $ 21,645.90 for a total of $747,327.17

26.  Accordingly, Relator seeks judgment in the amount of $3,237,615.24 against Defendant Immco and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

27.  Further, Relator seeks judgment in the amount of $2,241,981.51 against Defendant Primus and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ David Abrams*

---

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax 212-897-5811

Dated:   Delhi, New York
         June 6, 2024

**David Abrams, Attorney at Law**
PO Box 3353 Church Street Station, New York NY 10008
Tel. 212-897-5821 Fax 212-897-5811
Delhi, New York

## TO BE SUBMITTED UNDER SEAL

June 6, 2024

To:   Clerk of the Court
      United States District Court Western District of New York
      100 State Street
      Rochester, NY 14614

Re:   <u>United States ex rel. GNGH2, Inc. v. IMMCO DIAGNOSTICS INC. et al.</u>

Dear Sir / Madam:

    I represent the Relator in the above-referenced matter. I am respectfully submitting for filing *under seal* an original and 1 copy of (1) complaint; (2) civil cover sheet; and (3) corporate disclosure. Please take note that pursuant to Local Rule 5.3(a), no application is necessary for the sealing of this matter. *See* 31 U.S.C. Section 3730(b)(2).

    In addition, I am submitting a check in the amount of $405 and a self-addressed envelope.

    I am requesting that you process the above documents and provide me with a file stamped copy of the complaint for service on the United States Attorneys Office and the Department of Justice.

    Thank you for your attention to this matter.

Sincerely yours,

David Abrams

Enclosures